UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| ANITA BEEGLE, | ) |
| | ) |
| Claimant, | ) |
| | ) |
| vs. | ) Case No. 5:17-cv-0223-CLS |
| | ) |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant, Anita Beegle, commenced this action on February 10, 2017, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinion of her treating physician. Upon review of the record, the court concludes that contention lacks merit, and that the Commissioner's ruling is due to be affirmed.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. (alterations supplied). Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(d).

Social Security regulations also provide that, in considering what weight to give *any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can

be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(c). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. David Greer, claimant's treating neurologist, completed a form prepared by claimant's attorney on February 26, 2015. Dr. Grier, who saw claimant for routine follow-up appointments every two to three months, stated his belief that claimant's complaints of moderately severe to severe seizure disorder were credible. He indicated that claimant could not sustain a full-time job at any exertional level, and that her medical problems would cause her to miss at least five (5) days of work per month. Dr. Greer added a handwritten notation to the form, stating that claimant "is considered completely and totally disabled due to her chronic medical condition."[1] Dr. Greer indicated that claimant's seizures would affect her ability to concentrate and focus on tasks, but he did not state the extent to which those functions would be affected. The form requested Dr. Greer to state his opinion regarding how often claimant could perform functions such as climbing, balancing, stooping, kneeling, crouching, crawling, lifting, sitting, standing, and walking, but he did not do so.

---

[1] Tr. 576.

Instead, the form included a handwritten note stating that "Dr. Greer does not do FCE's."[2] On the third and final page of the form, Dr. Greer stated that he had prescribed anti-seizure medication to claimant. He also provided the following summary statement: "Patient has a documented medical history including complex partial epilepsy . . . . Previous MRI results showed evidence she has a dilated perivascular spaces/tiny lacunar infarcts [*sic*] in the basal ganglia. Due to Mrs. Beegle's chronic medical condition, she is considered totally and permanently disabled."[3]

The ALJ afforded Dr. Greer's opinion no weight because it was not supported by substantial evidence from claimant's medical record, and because it was "inconsistent with [Dr. Greer's] own treatment notes that indicate the claimant's seizure disorder is controlled with medication."[4] Specifically, the ALJ stated:

> Dr. Greer cited previous MRI findings as the basis for his conclusion and noted MRI results showed evidence the claimant had dilated perivascular spaces/tiny lacunar infarcts on the basal ganglia. However, the claimant's most recent MRI, dated March 2, 2015, was normal and it was noted there was "no explanation for symptoms identified" . . . . Dr. Greer was aware of the results of this MRI as the record shows he referred the claimant for the MRI. His conclusion that the claimant was disabled based on MRI findings was contradicted by his own treatment records and the claimant's most recent MRI.

---

[2] Tr. 578.
[3] Tr. 577 (ellipsis supplied).
[4] Tr. 31 (alteration supplied).

Tr. 31 (citation to the medical record omitted). The ALJ also stated:

> Dr. Greer's opinions on this check form offer the opinion that the claimant is not only disabled but also apparently incapacitated. However, his treatment notes do not reflect that he ever talked to claimant about her ability to work. Testing is consistently negative, and the claimant's physical examinations are essentially normal. Interestingly, when the form asked Dr. Greer for the claimant's medical condition to perform work activity he wrote "Dr. David Greer does not do FCE's 3/9/2015." . . . . He failed to provide medical findings that supported his assessment. Dr. Greer responded to this check form at the request of Claimant's attorney rather than in the course of treatment, and this form is not part of his medical records. Cumulatively, these reasons explain why the undersigned gives little weight to Dr. Greer's "opinions." These opinions offer little more than a conclusory and speculative responses are unsupported by the medical evidence. [*sic*] As to missing days from work, if the claimant to return to work is pure speculation of a possible future limitation if the claimant returned to work. [*sic*]

Tr. 32 (citation to the medical record omitted).

Claimant rightly points out that it is difficult to discern the import of the ALJ's statement that Dr. Greer considered claimant to be "not only disabled but also apparently incapacitated," and that completing a form at the request of a claimant's attorney does not automatically discredit the statements on that form. Even so, on the whole, substantial evidence supports the ALJ's decision to discredit Dr. Greer's opinion. As an initial matter, it is important to note that Dr. Greer did not provide any assessment of claimant's limitations in specific functional areas. Absent such an assessment, the opinion amounts to little more than Dr. Greer's bald statement that

5

claimant is unable to work, and that is a decision reserved to the Commissioner of Social Security, not a medical opinion. *See* 20 C.F.R. § 404.1527(d)(1); *Jones v. Bowen,* 810 F.2d 1001, 1005 (11th Cir. 1986).

Moreover, the ALJ's observations about the inconsistencies between Dr. Greer's opinion and his medical records are well-supported. Dr. Greer stated that claimant's MRI results contained findings to support a seizure disorder, but the actual MRI report from June 27, 2012 stated that there were "[n]o intracranial abnormalities,"[5] and the report from March 2, 2015 stated: "Normal study, no explanation for symptoms identified."[6]  Additionally, Dr. Greer's neurological findings were consistently normal.[7] Indeed, the only objective medical evidence consistent with a seizure disorder is a June 27, 2012 electroencephalogram report stating that the findings were "suggestive of a focus of underlying injury or cerebral malfunction in the right temporal lobe(s). There is no evidence on this one-time surface EEG for an active seizure focus, yet even the focal slowing seen may represent a nidus for seizures."[8] The EEG results were not mentioned as a basis for

---

[5] Tr. 306 (alteration supplied).

[6] Tr. 591.

[7] Tr. 302, 508-16, 583-600. Claimant makes much of Dr. Grier's notation that claimant had suffered bruises and contusions to her face and shoulder, presumably as a result of a seizure-related fall. Tr. 515. But those physical injuries are not neurological findings that would support the existence of a seizure disorder, and, even more importantly, they say nothing about claimant's ability to perform the various functional demands of work. It should also be noted that when claimant suffered the alleged seizure that led to her injuries, she was not taking her seizure medication. *Id.*

[8] Tr. 598.

6

Dr. Greer's opinion, and they say nothing about claimant's functional abilities. The mere existence of a seizure disorder is not sufficient to establish claimant's disability. Instead, the relevant consideration is the effect of that disorder, considered in combination with any of her other impairments, on her ability to perform substantial gainful work activities. *See* 20 C.F.R. § 404.1505(a) (defining a disability as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). *See also Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) ("The [Social Security] Act 'defines "disability" in terms of the effect a physical or mental impairment has on a person's ability to function in the workplace.'") (quoting *Heckler v. Campbell,* 461 U.S. 458, 459-60 (1983)) (alteration supplied).

In summary, the ALJ adequately articulated his reasons for rejecting the assessment of disabling limitations by claimant's treating physician, and the ALJ's decision was based upon substantial evidence. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 7th day of May, 2018.

　　　　　　　　　　　　　　　　　／s／ Lynwood Smith
　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　United States District Judge